UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
STEPHEN F. BARBARINO

        Plaintiff,

-against-

THEODORE F. HUCKESTEIN, JR.
AND KRH ASSOCIATES, INC.

        Defendants.
------------------------------------------------------------

CLASS ACTION COMPLAINT

CV 05 1376
BLOCK, J.
AZRACK, M.

Plaintiff, by and through his attorney, Adam J. Fishbein, as and for his complaint alleges as follows:

## INTRODUCTION

0.1    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

0.2    Plaintiff, Stephen F. Barbarino, is a natural person residing in Richmond County, New York.

0.3    Upon information and belief, defendants Theodore F. Huckestein and KRH Assoicates, Inc. are an attorney and collection agency or portfolio buying company with respectively with their principal place of business in Pittsburgh, Pennsylvania.

0.4    Upon information and belief, defendants are debt collectors which are engaged in the business of collecting debts as defined pursuant to 15 U.S.C. § 1692a(6).

## JURISDICTION

0.5    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

1.1   Plaintiff realleges paragraphs 0.1 through 0.5 as if fully restated herein.

1.2   That a personal debt was allegedly incurred by the plaintiff to Household - CC.

1.3   That at a time unknown to the plaintiff herein, the aforementioned debt was referred to the defendants for collection.

1.4   Defendants sent a letter to the plaintiff dated January 20, 2005 (copy appended hereto).

1.5   Plaintiff received said letter.

1.6   Said letter states in pertinent part: "If you dispute the validity of this debt or the identity of the original creditor, please provide a detailed written statement of your dispute to this office within 30 days after receiving this notice."

1.8   Said language violates 1692g of the FDCPA.

1.9   A debtor is not obligated to provide a detailed written statement in order to dispute a debt.

1.10   The statutory construction of the FDCPA does not suggest that the debtor has the option of disputing the identity of the original creditor.

1.11   Said letter fails to set forth that if the debtor fails to dispute the debt it will be assumed to be valid by the debt collector.

1.12   Said letter fails to allow the debtor to dispute the debt orally in violation of 1692g(a)(3).

1.13   Said letter states in part: "You should be aware that any amounts awarded in a lawsuit would be due in lump sum and would also include court costs and interest."

1.14   Upon information and belief, said language is false and deceptive.

1.15   This cause of action is brought on behalf of plaintiff and the members of a class.

1.16   The class consists of consumers who received the same form letters, as did the plaintiff.

1.17   The Class consists of all persons whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about March 16, 2004 (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5), 1692e(10) and 1692g by engaging in deceptive practices, unintended actions and misleading representations concerning failure to dispute the debt.

1.18   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by deceiving consumers.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-

abuse claims. The plaintiff's interests are consistent with those of the members of the class.

1.19 A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

1.20 If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

1.21 Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

1.22 As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

    (a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

    (b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (c) For such other and further relief as may be just and proper.

Dated: Woodmere, New York
February 16, 2005

_____
Adam J. Fishbein (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone (516) 791-4400
Facsimile  (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

**KRH ASSOCIATES, INC.**
P.O. Box 112512
Pittsburgh, PA 15241

Telephone
(412) 854-2015

Facsimile
(412) 854-2221

January 20, 2005

Stephen F. Barbarino
718 Liberty Avenue
Staten Island, NY 10305-4129

Creditor: Household-CC – Balance Due: $3,242.25

Dear Mr. Barbarino:

    Please be advised that KRH Associates, Inc has purchased the above referenced account. Accordingly, all future payments and other correspondence regarding this claim must be directed to us at the address shown on this letter.

    KRH Associates intends to take the appropriate legal steps to collect this account unless a settlement of this claim is reached within the next 30 days. A suitable settlement plan would be a lump-sum payment for less than the total claim or a monthly payment arrangement for the full amount of the claim.

    If you wish to settle your case, you should provide us with your settlement offer by mail or telephone within 30 days of your receipt of this letter. If we do not hear from you within that period, its is our intention to file a lawsuit without further notice to you. You should be aware that any amounts awarded in a lawsuit would be due in a lump sum and would also include court costs and interest.

    If you dispute the validity of this debt or the identity of the original creditor, please provide a detailed written statement of your dispute to this office within 30 days after receiving this notice. If you notify us of a dispute, this office will obtain verification of the debt or obtain a copy of the judgment and mail it to you. If you make a request in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor.

                    THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY
                    INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

*[signature: T. Huckestein]*
Theodore Huckestein
Attorney at Law